DaShawn Hayes, State Bar No. 355912
The Hayes Law Firm, A Professional Law Corporation
5757 Wilshire Blvd., Ste 656
Los Angeles, CA 90036
Tel: 323-570-0485
Email: dphayesesquire@gmail.com

Attorneys for Plaintiff, Ivory Paynes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY PAYNES,<br><br>Plaintiff,<br><br>vs.<br>DEVANTE MCCREARY, professionally known as BOSSMAN DLOW, DANIEL SCHNABEL, professionally known as GENTLE BEATZ, ALAMO RECORDS, LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US), LLC, AND TOO SLIPPERY ENTERTAINMENT, INC,<br><br>Defendants. | Case No.:<br><br>Judge:<br><br>Magistrate Judge:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND OF JURY TRIAL** |

Comes now, Plaintiff, Ivory Paynes, by and through his counsel of record who amends his complaint, against Defendants, each of them, and alleges as follow:

1

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# INTRODUCTION

1. This is a civil action for the infringement of registered copyrights in violation of The U.S. Copyright Act brought by the Plaintiff, Ivory Paynes (hereinafter referred to as "Plaintiff"), to recover compensatory, statutory, injunctive relief and punitive damages as a result of the Defendants' unauthorized exploitation of the copyrighted musical works of Plaintiff.

# JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331, 1332, 1338 and 17 U.S.C. 101, et seq as this action is based upon federal copyright law.

3. This Court has personal jurisdiction over the Defendants as, based on information and belief, each has purposefully committed, within the state, the acts from which Plaintiffs' claim arises and/or committed tortious acts outside California knowing and intending that such acts would cause injury to Plaintiffs within the state. Moreover, Defendants have purposefully availed themselves of the benefits of conducting business within the State of California by directing their activities with respect to the infringing work, including their marketing and promotion of the infringing work, to California residents, who are able to purchase, download and stream the infringing compositions and recordings. Upon information and belief, Defendants, and each of them, have received substantial

revenues from their exploitation of the infringing works in California. Furthermore, Defendants conduct continuous, systematic, and routine business within the State of California and/or within this district. Consequentially, by virtue of their pervasive business contacts and transactions within the State of California, Defendants are constructively aware and can reasonably expect and/or anticipate being sued in this jurisdiction.

4. Upon information and belief, and as set forth above in greater detail, Defendant McCreary, has performed and/or will perform concert touring dates in this district to further exploit the infringing compositions and recordings, and have licensed, distributed and exploited the subject infringing song (and other songs) in this state. Moreover, Plaintiff is informed and believes and thereupon alleges that Defendant McCreary routinely and regularly returns to Los Angeles to promote his career. On information and belief, Defendant McCreary also regularly travels to Los Angeles to perform at and/or attend music awards ceremonies in the Los Angeles area, including but not limited to the BET Awards, the Grammys, the iHeartRadio Music Awards, and the BMI R&B/Hip-Hop Awards.

5. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) and 1400(a) as a substantial part of the events giving rise to this claim occurred in this district. Defendants regularly conduct business in the Central District of California, State of California and substantial acts of infringement have occurred in this

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

district. Defendants expect or should have reasonably expected their acts to have consequences in this district. Defendants have directed their activities and distribution and marketing of musical recordings to residents of this district and such residents were able to purchase and download infringing musical recordings by way of mechanisms controlled or authorized by the Defendants, and Defendants are domiciled in this district.

## PARTIES

6. Plaintiff, Ivory Paynes, is a person of the full age and majority and domiciled in the Parish of Jefferson, State of Louisiana.

7. Defendant Devante McCreary, professionally known as "Bossman Dlow" is an individual, who, upon information and belief, is a citizen of the State of Florida. He is known for the production, recordation and composition of music that is distributed worldwide via the internet and other digital devices. Defendant co-authored and composed the musical composition and performed vocals on the infringing "The Biggest" sound recording.

8. Defendant, Daniel Schnabel, professionally known as "Gentle Beatz," is an is an individual, who, upon information and belief, is a citizen of the State of California. He is known for the production, recordation and composition of music that is distributed worldwide via the internet and other digital devices. Defendant

co-authored and composed the musical composition used in recording the infringing "The Biggest" sound recording.

8. Upon information and belief, Sony Music Entertainment, a Delaware General Partnership is a one of the three largest distributors of recorded music in the world. While its headquarters is in New York, it has substantial facilities in the Central District and distributes recorded music in the Central District in a variety of media. Moreover, Sony Music Entertainment has been substantially involved in the distribution of the sound recording embodying Plaintiffs copyrighted work that is the subject of this lawsuit in the Central District, including through internet streaming services, selling of physical media such as vinyl and Compact Discs (CD), and that Sony Music Entertainment has derived financial compensation from such distribution.

10. Upon information and belief, Alamo Records, LLC is an active limited liability corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges that Alamo Records, LLC does substantial, continuous and systematic in the State of California and in this judicial district. Defendant Alamo Records, LLC distributes and sells sound recordings created by Defendant McCreary. Defendant Alamo Records, LLC supervised the illegal reproduction of the Infringing Track (as

described below) and authorized the illegal reproduction and distribution of the Plaintiff's copyright protected work.

10. Upon information and belief, Sony Music Publishing (US), LLC is an active corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that Sony Music Publishing (US), LLC does substantial, continuous and systematic business in the State of California and in this judicial district. Defendant Sony Music Publishing (US), LLC is responsible for collecting music royalties from the publication of the infringing works on behalf of the authors and composers of the infringing work.

11. Upon information and belief, Too Slippery Entertainment, LLC is an active limited liability corporation organized and existing pursuant to the laws of the State of Florida. Plaintiff is informed and believes, and thereupon alleges that Too Slippery Entertainment, LLC does substantial, continuous and systematic in the State of California and in this judicial district. Defendant Too Slippery Entertainment, LLC distributes and sells sound recordings created by Defendant McCreary. Defendant Too Slippery Entertainment, LLC supervised the illegal reproduction of the Infringing Track (as described below) and authorized the illegal reproduction and distribution of the Plaintiff's copyright protected work.

**FACTS**

6

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

11. This is an action for the direct, contributory and vicarious copyright infringement, in violation of 17 U.S.C. §§ 101 et seq., arising from the unauthorized reproduction, distribution and/or public performance of Plaintiff's copyrighted musical work, "Street of Westbank." Plaintiff is informed and believes, and thereupon alleges, that Defendants are the writers, composers, performers, producers, record label, distributors, and publishers who were involved with the creation, release, reproduction, exploitation, licensing, and public performance of the infringing and derivative musical compositions "The Biggest" and the infringing sound recordings of "The Biggest," and the music video and other products embodying the infringing musical composition and sound recording "The Biggest," (collectively, the "Infringing Works"). Defendants McCreary and Schnabel received credit as composer and/or author of the music and lyrics of "The Biggest" The corporate Defendants are, on information and belief, the publishing, distribution, recording labels and other entities that exploit the infringing song, "The Biggest" by Bossman Dlow.

12. In 1992, Plaintiff, doing business as Mobo Joe Records, entered an exclusive recording artist contract with the rap group, Dog House Posse, whereby Dog House Posse assigned any and all intellectual property rights, including but not limited to copyrights to Plaintiff for all musical compositions written, composed and recorded by Dog House Posse. "Street of the Westbank" and "Dope

Gets No Heavier" were composed and recorded pursuant to the aforesaid recording contract. Specifically, the sound recording and musical composition entitled "Street of Westbank" was recorded and released as part of Dog House Posse's, album "Dope Gets No Heavier." "Street of the Westbank" and "Dope Gets No Heavier" are wholly original and are registered with the U.S. Copyright Office, Registration Number SRu1-301-832. Plaintiff is the listed copyright claimant on the aforesaid registration.

13. The Plaintiff is the sole owner of the copyright registered for "Street of the Westbank," and is the sole author of the master, sound recordings, musical composition, and lyrics for the subject song. The subject musical works have been published and distributed by and through releasing the subject sound recording on all major music streaming platforms and digital music outlets, including but not limited to Tidal, Apple Music, Spotify, Youtube, Youtube Music, and Amazon Music.

14. Defendants McCreary and Schnabel used unauthorized samples and copied protected elements of "Street of Westbank" in their sound recording and composition, "The Biggest" which was released and distributed by Defendant Sony Music Entertainment through its recording label imprints, Alamo Records and Too Slippery Entertainment, LLC, as a part of Defendant McCreary's album, "Too Slippery." Defendant Sony Music Entertainment released and distributed the

album "Too Slippery" and the infringing work, "The Biggest" on January 1, 2023. Defendant Sony Music Publishing (US), LLC also collects royalties from the exploitation of the infringing work on behalf of several publishers, including but not limited to Beatstars Publishing Worldwide and Too Slippery Entertainment. Defendants released and distributed the infringing work in the State of California, United States and worldwide for streaming on all major streaming services, including, but not limited to Apple Music, Tidal, Spotify, Youtube Music, Pandora, and Amazon Music. The infringing works is accessible, and available for consumer use, in Louisiana by the Plaintiff and other California Residents through utilizing one of the streaming services. The aforesaid streaming services are available for use by California residents.

15. The Plaintiff did not authorize the defendants' reproduction, distribution, public performance of the sound recording, copying, or creation of an unauthorized derivative work of "The Biggest." Defendants do not have any rights to reproduce, distribute, publicly perform, copy, or create derivative works of "Street of Westbank" in the sound recording and musical composition, "The Biggest."

16. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing works, "The Biggest." The infringing work, "The Biggest," misappropriates key protected elements of "Street of the Westbank," including

without limitation its musical arrangements, percussion tracks, synthesized orchestration, including but not limited to piano, cello, violin, contrabass, and drum set, and tone and melody. Moreover, "The Biggest" mimis and copies the arrangement of "Street of the Westbank" by the choice of the instrumentation accompanying the rap lyrics, the choice of when the instruments drop out and reenter and what instruments drop in and reenter.

17. There are unmistakable similarities between the two works. Based upon a side-by-side comparison of the two songs, a layperson could hear similarities in the arrangement, melody, core expression, content, and other compositional elements in both songs and conclude that songs are essentially identical, and the infringing The Biggest clearly used the Plaintiff's Street of Westbank as a basis for the infringing The Biggest. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing works, "The Biggest." The infringing work, "The Biggest," misappropriates key protected elements of Plaintiff's "Street of Westbank," to create an unauthorized derivative work. The infringing work misappropriates the orchestration and musical arrangement, namely the synthesized acoustic piano, cello, and bass, of "Street of the Westbank" at 0:00 minute mark and repeats the same throughout "The Biggest."

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

19. Defendants, without authority, have willfully copied and sampled many protected elements of the Plaintiff's copyrights and further infringed upon those copyrights by acts of reproduction, distribution, publish, display, and unauthorized creation of derivative works.

## FIRST CLAIM FOR RELIEF

**(Copyright infringement of "Street of the Westbank" into the composition and sound recording, "The Biggest" against all defendants)**

20. Plaintiff repeats and re-alleges all paragraphs of this Complaint as if fully set forth herein.

21. Plaintiff is the owner of the copyright in the sound recording, musical composition and lyrics of "Street of the Westbank." Plaintiff's copyright of "Street of Westbank" was registered with the U.S. Copyright Office and bears Registration no. SRu1-301-832.

22. Upon information and belief, and without authorization or permission from the plaintiff, in direct violation of Plaintiff's rights, Defendants, have directly infringed the copyrights in Plaintiff's "Street of the Westbank" by among other things: a) preparing unauthorized derivatives of Plaintiff's "Street of the Westbank" in the form of "The Biggest;" b) reproducing copyrighted elements of the Plaintiff's "Street of the Westbank" in "The Biggest;" c) distributing copies of "The Biggest," which contains copyrighted elements of Plaintiff's "Street of the

Westbank" and d) publishing, displaying, selling and licensing copies of "The Biggest," which contains copyrighted elements of Plaintiff's "Street of the Westbank" Defendants never paid Plaintiff, nor secured the authorization for the use of "Street of the Westbank" in "The Biggest."

23. Moreover, without authorization or permission from Plaintiff, Defendants sampled and copied Plaintiff's "Street of the Westbank" in purporting to author the sound recording and composition, "The Biggest." Defendants have published, manufactured, distributed, sold and licensed copies of "The Biggest." Defendants never paid Plaintiff, nor secured the authorization for the use of "Street of the Westbank" in "The Biggest."

24. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing work, "The Biggest." The infringing work, "The Biggest" misappropriates key protected elements of "Street of the Westbank" including without limitation its musical arrangements, percussion tracks, synthesized orchestration, including but not limited to piano, cello, violin, contrabass, and drum set, and tone and melody. Moreover, "The Biggest" mimic and copy the arrangement of "Street of the Westbank" by the choice of the instrumentation accompanying the rap lyrics, the choice of when the instruments drop out and reenter and what instruments drop in and reenter. The infringing works

misappropriates the orchestration and musical arrangement, namely the synthesized acoustic piano, cello, and bass, of "Street of the Westbank" at 0:00 minute mark and repeats the same throughout "The Biggest."

25. As a direct and proximate result of the Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable to the copyrighted material; moreover, plaintiff is entitled to other compensatory, statutory and punitive damages in an amount to be proven at trial.

26. Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

27. With knowledge of the infringement, the Defendants have induced, caused, or materially contributed to, the infringing conduct of others, such that they should be found to be contributorily liable.

28. The infringement is continuing as the album Too Slippery, on which The Biggest appears, continues to be sold and continues to be licensed for sale, downloads, streams, ringtones and/or mastertones, and other exploitations by Defendants or their agents.

29. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to

17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of Bubblegum, including all Infringing Works.

30. Defendants' conduct was willful with full knowledge of and complete disregard for Plaintiff's rights. Therefore, the Plaintiff is entitled to statutory damages.

31. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred attorneys' fees and costs, in amount according to proof, which are recoverable under 17 U.S.C. 504.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and for the following relief:

A. A permanent injunction prohibiting Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, from directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of, any of Plaintiffs' rights protected by the Copyright Act; an order directing Defendants to include credits on behalf of Plaintiffs to be included on any awards,

accolades, events of prestige and/or other public recognition attributed Bubblegum;

B. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages and Defendants' profits in an amount to be proven at trial;

C. An award of statutory damages, if actual damages are not selected;

D. An award of attorneys' fees;

E. For pre-judgment and post-judgment interest according to law, as applicable;

F. For an accounting in connection with Defendants' unauthorized use of the infringing works;

G. Any such other or further relief as the Court may deem just and proper;

H. For costs of suit incurred;

Dated: December 5, 2025                    THE HAYES LAW FIRM, PLC

                                           By: _____
                                               DaShawn Hayes
                                               Attorneys for Plaintiff
                                               Ivory Paynes

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the above matter.

15

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Dated: December 5, 2025                THE HAYES LAW FIRM, PLC

By: _____
DaShawn Hayes
Attorneys for Plaintiff
Ivory Paynes

16

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**