UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV  25-11582-AS | | Date | March 9, 2026 |
|---|---|---|---|---|
| Title | Ivory Paynes v. Devante McCreary, et al. | | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
| None present | None present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE RE SERVICE OF PROCESS ON DEFENDANT DANIEL SCHNABEL**

Plaintiff filed a Complaint in this action on December 5, 2025, against Defendants Devante McCreary, Daniel Schnabel, Alamo Records, LLC, Sony Music Entertainment, Sony Music Publishing US, LLC, and Too Slippery Entertainment, Inc.  (Dkt. No. 1).  On December 12, 2025, the Clerk of the Court issued summonses and a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment").[1]  (Dkt. Nos. 4, 11-16).  On January 13, 2026, Plaintiff filed proofs of service indicating that he served the Summons, Complaint, and the Notice of Assignment on Alamo Records, Sony Music Entertainment, Sony Music Publishing US, and Too Slippery Entertainment.  (Dkt. Nos. 19–22).

On January 20, 2026, the parties filed a joint stipulation extending the time to respond to the Complaint to March 16, 2026.  (Dkt. No. 23).  In the joint stipulation, the parties noted that Defendant McCreary was not served, but he waived service.[2]  (Id.).  Defendant Schnabel did not join in the filing because he had not been served.  (Id.).  The Court granted the extension of time.  (Dkt. No. 25).  The Court also ordered Plaintiff to serve the Notice of Assignment on McCreary

---

[1] As the Court explained in a prior Order, the Notice of Assignment advises that this case has been assigned to U.S. Magistrate Judge Alka Sagar for all purposes and that any party may decline to consent to that assignment according to the schedule set forth for such declination.  Pursuant to Central District of California Local Civil Rule ("Local Rule") 73-2.1, each newly served party or party added to the case must be served the Notice of Assignment at the time of service of the summons and compliant or other case-initiating document.  See Local Rule 73-2.1.  The period for a newly served party or party added to decline consent begins to run upon service of the Notice.  Id.

[2] The parties also stated that Too Slippery Entertainment was not served, but the proof of service filed on January 13, 2026, showed otherwise.  (Dkt. No. 19).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-11582-AS | Date | March 9, 2026 |
|----------|----------------|------|---------------|
| Title | Ivory Paynes v. Devante McCreary, et al. | | |

and file a notice of assignment reflecting such service, and Plaintiff later did so.  (Dkt. Nos. 24, 26-27).

On March 6, 2026, the parties filed a joint stipulation to extend the time to respond to the Complaint to April 15, 2026.  (Dkt. No. 28).  Again, Defendant Schnabel did not join in the filing, as apparently he still has not been served.   The Court granted the extension of time on March 9, 2026.  (Dkt. No. 29).

More than ninety days have passed since Plaintiff filed the Complaint. Yet, Plaintiff has not filed a proof of service reflecting that he served Defendant Schnabel.  Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within ninety days of filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff, however, "shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.

Plaintiff is therefore ORDERED TO SHOW CAUSE in writing, within fourteen days of the date of this Order, why service was not timely made on Defendant Schnabel and why this case should not be dismissed against Defendant Schnabel without prejudice for failure to effectuate service and for lack of prosecution.  Failure to timely file a written response to this Order may result in dismissal of this action against Defendant Schnabel for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure, for failure to prosecute, and/or for failure to obey a court order.  See Fed. R. Civ. P. 41(b).

Plaintiff is reminded that each newly served party or party added to the case must be served with the Notice of Assignment at the time of service of the summons and complaint, and Plaintiff must file a proof of service indicating that Defendant was served with the Notice of Assignment.

**IT IS SO ORDERED.**