UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV  25-11582-AS | Date | June 17, 2026 |
|---|---|---|---|
| Title | Ivory Paynes v. Devante McCreary, et al. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
| None present | None present |

**Proceedings:    (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ALL PARTIES SHOULD NOT BE DEEMED TO HAVE CONSENTED TO THE UNDERSIGNED MAGISTRATE JUDGE**

Plaintiff filed a Complaint in this action on December 5, 2025, against Defendants Devante McCreary, Daniel Schnabel, Alamo Records, LLC, Sony Music Entertainment, Sony Music Publishing US, LLC, and Too Slippery Entertainment, Inc. (Dkt. No. 1). On December 12, 2025, the Clerk of the Court issued summonses and a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment"). (Dkt. Nos. 4, 11-16). As the Court has explained, the Notice of Assignment advises that this case has been assigned to U.S. Magistrate Judge Alka Sagar for all purposes and that any party may decline to consent to that assignment according to the schedule set forth for such declination. Pursuant to Central District of California Local Civil Rule ("Local Rule") 73-2.1, each newly served party or party added to the case must be served the Notice of Assignment at the time of service of the summons and compliant or other case-initiating document. *See* Local Rule 73-2.1. The period for a newly served party or party added to decline consent begins to run upon service of the Notice. *Id.*

 Plaintiff subsequently demonstrated that all the Defendants other than Daniel Schnabel were served with, or waived service of, the summon and Complaint, and they were also served with the Notice of Assignment. (See Dkt. Nos. 19-22, 23, 27).

On March 9, 2026, the Court issued an Order to Show Cause why this case should not be dismissed against Defendant Daniel Schnabel without prejudice for failure to effectuate service and for lack of prosecution. (Dkt. No. 30). The Order noted that more than ninety days had passed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-11582-AS | Date | June 17, 2026 |
|---|---|---|---|
| Title | Ivory Paynes v. Devante McCreary, et al. | | |

since Plaintiff filed the Complaint, and Plaintiff still had not served him.[1]  Plaintiff was warned that "[f]ailure to timely file a written response to th[e] Order may result in dismissal of this action against Defendant Schnabel for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure, for failure to prosecute, and/or for failure to obey a court order."  (Id. at 2 (citing Fed. R. Civ. P. 41(b)).  No response was filed.  Therefore, on April 10, 2026, the Court dismissed this action against Defendant Schnabel without prejudice for failure to prosecute.  (Dkt. No. 33).

Despite Schnabel's dismissal, Plaintiff still named him as a Defendant in his First Amended Complaint, filed on April 28, 2026, and in his Second Amended Complaint a month later.  (Dkt. Nos. 34, 37).  Nonetheless, there is no indication that Schnabel has been served or is participating in this action.  On June 16, 2026, a Motion to Dismiss the Second Amended Complaint was filed by Defendants Devante McCreary, Alamo Records, LLC, Sony Music Entertainment, Sony Music Publishing US, LLC, and Too Slippery Entertainment, Inc.  (Dkt. No. 38).  Daniel Schnabel is not included in the motion.  He is not in this case.

Based on the record, therefore, all Defendants in this case have been served with the Notice of Assignment, and no party has filed a timely declination of consent.  Accordingly, the parties are **ORDERED TO SHOW CAUSE in writing, within seven (7) days of the date of this Order**, why all parties should not be deemed to have consented to the jurisdiction of the undersigned magistrate judge.  The absence of a timely response to this Order will be construed as agreement that the matter is consented.

**IT IS SO ORDERED.**

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within ninety days of filing the complaint, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff, however, "shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.